Case number 14-3948, United States of America v. Nancy Sadler. Oral argument not to exceed 15 minutes per side. Stephen Braga, Supervising Attorney for Arguing Law Student. Jude Halawi, you may proceed. Good morning, Your Honors. As Director of the Appellate Litigation Clinic at the University of Virginia School of Law, I'd like to introduce to the Court this morning third-year law student Jude Halawi, who satisfies the requirements for practice before this Court, and who has the consent of our client to argue this appeal this morning. Thank you. Very well. Thank you, and we welcome you both. Come on up. May it please the Court, my name is Jude Halawi, appearing on behalf of Appellant. Could you speak up a little bit, please? Sure. My name is Jude Halawi, appearing on behalf of Appellant Nancy Sadler. I'd like to please reserve three minutes of my time for rebuttal. Sure. Thank you. Your Honors, there's no question that Ms. Sadler's behavior warrants an appropriate sentence. However, she was denied that opportunity when the lower court produced a procedurally and substantively unreasonable sentence. This appeal contests the reasonableness of that sentence on both grounds. Procedurally, the district court failed to address Ms. Sadler's particularized and non-frivolous argument for a reduced sentence based on her severe and deteriorating medical conditions. Isn't that totally, though, discretionary with the judge? It seems to me that she was sentenced within the guidelines, and that's presumptively reasonable once that sentence falls within there. And looking at those 3553 factors, the court has the discretion to weigh those and give them appropriate consideration and then determine where that falls. So how can we say that that's substantively unreasonable where those things occurred? And it's discretionary with the court. Your Honor, upon remand for resentencing due to the vacated crime, the resentencing is a general resentencing, and accordingly the district judge was supposed to review all the 3553 factors de novo. And now a sentencing judge is indeed ordinarily entitled to deference, but not when the sentence was determined in a substantively unreasonable way. Are you suggesting, though, that the judge has to specifically mention each one of those things in order for that to constitute a review of all of those factors? Because it seems to me that in looking at the case, the judge took note of her medical condition, did not go down each one of those points. But why doesn't that constitute a review which is sufficient under the law? Your Honor, so under RITA, the Supreme Court has established that all non-freelance arguments for a reduced sentence not only warrant consideration, but require explicit rejection. And accordingly, this court requires lower courts in this circuit to explicitly address all legitimate arguments for a reduced sentence. Do you think they have to be addressed seriatim? Because the judge did reject them. Your Honor, I would have to respectfully disagree and state that the record leaves unclear whether or not she considered her medical arguments. There's simply no way to tell from the record whether or not she, in fact, did evaluate her arguments. Well, I mean, she did. Judge Beckwith did specifically ask Ms. Sadler about her condition and what kind of pain she was having, et cetera. I mean, she did ask about that, right? I mean, let's just, as a factual predicate, she did ask about that, right? She asked about her surgeries. And if you look, a closer look at the record reveals, yes, she did inquire about some of her medical status. But in so doing, the record demonstrates that her inquiry was logistical in nature. She was trying to establish a timeline for the two different surgeries because she was not aware of the fact that she had suffered, she had, she requires both back and neck surgery. Well, so for this argument, you would agree that our review was for plain error, correct? Yes, Your Honor. Because nobody objected to the district judge that she hadn't done more than she did. And I guess, I mean, don't you have a problem with the fact that her counsel at the sentencing hearing devoted one sentence to this issue? Namely, he said her medical situation is such that perhaps the time she's serving is harder, is more difficult than the time which would be served by someone without all her medical ailments. I mean, so we have this, you know, this sentencing hearing that goes on for, you know, a decent amount of time. Just one sentence in there about this, which really isn't couched in terms of an argument. It's more just like sort of reciting some fact, but not, therefore, you should do this, Your Honor. And so, I mean, how is it plain error for the judge to not do more than she did? So I would supplement. Just one sentence. Yeah, I think supplementing that one sentence. Before that, he spent some time detailing some of the conditions she faced. And afterwards, Ms. Sadler testified herself into some of the difficulties she had. Somebody has to make an argument to the district judge, you know? I mean, a lot of things get said in a sentencing hearing. And, I mean, counsel does have to make an argument. You know, Your Honor, therefore, under this standard, you should do this. And I'm just having a hard time seeing that, you know, actual argument here, which means I'm having a hard time seeing why Judge Beckwith committed plain error. I think the key to the plain error analysis is the fact that the third prong is whether or not it affected her substantial right. And I think here it affected her right to meaningful appellate review. Well, let me ask you another question. If defense counsel, as the judge imposed sentence, said, objection, Your Honor, you have not considered all the Section 33553 factors, and the judge said, oh, didn't I phrase it that way? Well, let me say then I have carefully and run through the factors, considered all of these. Excuse me. Then you would not be here. This is an appeal that is avoidable by counsel, defense counsel, at the time of sentencing if defense counsel is dissatisfied with how the court has reviewed the elements considered, the 33553 elements, by making an objection then, and counsel could have. If counsel doesn't, and the court could cure the problem immediately, and we wouldn't be sitting here on an appeal. So if counsel does not make that argument, the result is that you come here on a plain error review basis, and you have to consider that defense counsel's failure to make the objection in a timely manner has caused the whole appeal to come about. And so should we not then look, as the court has suggested, in the plain error mode to see if really the health issues were brought up, and that the court having heard all of this in the decision process had to have taken into account what was testified and placed on the record before the court in discussing the sentence? It's a long question. Yes. Get used to it. It's going to happen. Certainly, Your Honor. He could have brought it up before, and we would not be dealing with the plain error standard. But because he did, did not do so, that's what subjects us to the plain error standard. And, indeed, it is an elevated standard that we must satisfy. And I'd also like to point to the fact that, in your hypothetical, had that been the case, we still might be here on the procedural error. And the fact that the record simply does not reveal whether or not the judge understood the mitigation argument or gave it proper consideration. Well, but doesn't Rita say in some cases in our court, I mean, don't they say that we don't require the judge to give sort of an express refutation of every argument that a defendant makes at a sentencing hearing, especially simple arguments? I mean, this is a very simple argument as compared to some super intricate thing involving sentencing guidelines, right? And so, the question is, is there enough here, and this is what Rita says, to show that the sentencing judge considered the evidence and the argument? And, I mean, isn't it enough that the district judge asks these questions about her condition? I mean, she asked them for a reason, you know? I mean, doesn't that show that she considered this issue? I think, Your Honor, you're referring to the conceptually simple argument. The first thing I want to point out about the conceptually simple argument is that it's sharply limited to those arguments that are so simple and so obvious that any explanation is absolutely unnecessary. Now, an argument for mitigation due to medical problems can be a conceptually simple argument, but in this case, it is not, and it should be distinguished from those cases like Lamb, wherein Lamb, the defendant simply argued that he suffers from heart problems. He suffered a heart attack at the age of 40, and he was arguing that he's more likely to serve a more stressful time in prison. But, you know, I understand that that might be considered conceptually simple, but don't we have to look at all of this in context? Here, the judge summarized her medical conditions and whatever those medical conditions were. There was no showing that those medical conditions could not be addressed within the Bureau of Prisons' medical facilities, and so long as there was not something complex that was noted to the court that could not be met within the confines and conditions of wherever she was serving, doesn't that kind of reinforce the conceptually simple argument? I think, Your Honor, if you look at specifically what she testified to and what she's suffering from, it is far from a conceptually simple argument. First of all, she suffers from, among many things, heart problems, diabetes, high blood pressure, renal failures, aneurysms. She also suffers from acid reflux disease. But my point is that counsel, nor Mrs. Sattler, nobody made the argument to the court that these things were not capable of being treated within the Bureau of Prisons. As Judge Kethledge said, there was one line sort of devoted to this. The judge summarized all of this and saw nothing to take this outside or nothing that was shown to make this so severe or medically complex that it couldn't be dealt with. And I think that reinforces the conceptually simple. And I would ask why you see that a different result should obtain. Your Honor, I'd like to direct your attention to Simmons. In that case, the argument was found to be conceptually simple. The defendant was making an argument about crack cocaine disparity. And one of the justifications for labeling it conceptually simple was that it was simply a legal argument that the judge had heard many times before. In our case, it's very complexly factually based. She's dealing with multiple diseases that are complexly interrelated and interwoven. It's not simply just one heart problem. Okay, so the factual predicate is complex. But the argument itself really isn't, right? I mean, I think actually the lawyer put it well, that her time is harder, it's more difficult. Based on all these things, which are themselves sort of a complex medical story, her time is harder. So, I mean, in determining whether it's a conceptually simple argument, why don't we look at the argument rather than sort of all this factual predicate? I see my time is up. So I think the key difference here is that so Ms. Sadler, she's suffering from these on a daily basis. And the argument itself might be a simple, might be just a health-based mitigation argument. But the sentencing guidelines and Section 3553 certainly don't present this as a simple argument. They, in multiple parts, numerous parts, they offer ways and avenues for the defendant to receive a mitigated sentence. So they certainly don't think that this is just simply a one-shot health-based mitigation argument. Okay, well, you'll have your rebuttal. We'll hear from the government. Thank you. Thank you. May it please the Court. Alexis Zuhairi on behalf of the United States. As Judge Kethledge and Judge Roth both pointed out, very deferential standards of review apply to this case. We're looking at plein air to the procedural unreasonableness claim and abuse of discretion on the substantive reasonableness claim. And in the government's view, those standards certainly dictate the outcome here. Just a few brief points. First, turning to the procedural unreasonableness claim, the District Court's failure to actually spell out why it rejected the medical mitigation argument, if it even is an argument, was not air, and it certainly was not plein air under this Court's decision in Vonner. I'd note my colleague's argument that Sadler has many medical conditions. That does not mean that the argument is complicated. The government did not dispute that these medical conditions existed, and so the Court was really left with a very simple, straightforward question. Does the fact that Sadler suffers from medical conditions warrant a reduced sentence? And the District Court answered no. Also, as Judge Donald pointed out, there was no argument that the Bureau of Prisons could not treat Sadler. She's designated at the CARE 2 level, which means that she's a stable outpatient. She requires quarterly evaluations. So again, under this Court's decision in Vonner, there's no plein air. Turning then to the substantive reasonableness claim, the District Court appropriately considered and weighed the 3553A factors that were relevant in light of the vacated wire fraud conviction. The District Court found that the vacated conviction really didn't change the serious nature of the offense, and that's because it didn't change the fact that Sadler had operated a series of illegal pill mills and illegally distributed drugs and destroyed many lives in one of our communities in the Southern District of Ohio. But why had the wire fraud conviction been vacated again? This Court found that it did not meet the technical requirements of the wire fraud statute. It had to do with the fact that Sadler did not actually deprive anyone of property. Although she purchased drugs under false pretenses, this Court found that that's exactly right, Your Honor. But back to the substantive reasonableness point, the judge was entirely within the District Court's discretion to find that that didn't change anything at all because really the crux of the case concerned the defendant's operation of these pill mills. And so we'd argue again that there's no abuse of discretion, and if there are no further questions, we ask the Court to affirm the sentence. Very well. Thank you. Your rebuttal? Perhaps you want to speak to the substantive reasonableness argument a bit in your rebuttal since we didn't get to that in your opening remarks? Absolutely. And Ms. Zuhari opened the door for you. Normally if you don't get into it in your opening and your opponent, the athlete, doesn't get into it in their discussion, you can't get into it in rebuttal. But let's, anyway. I think the bottom line or one of the most important things to understand about the wire fraud count, it was vacated, and that's certainly not a trivial event. He went from being convicted of four counts to three counts. But yet the sentence remained the same. And as I mentioned earlier, this is entitled to deference, but we contest the way the sentence was reached, and we say it was substantively unreasonable. And if you look at what one of the things the judge said in the sentencing transcript is, quote, the court remains convinced that the factors were addressed in the prior judgment. This indicates that she did not review it de novo. She was just viewing the factors and how the vacated count affected it without going into, without expressly, excuse me, without analyzing the other factors. Well, that sounds more like a procedural reasonableness argument, and I understand you need to be making a substantive one, that she simply does not put enough weight on the vacater of the wire fraud conviction, right? Not simply that she did not put enough weight, but also that she did not give full and fair consideration to all of the factors. You know, one particular one is the nature of— That's procedural reasonableness, isn't it? I mean, substantive is you put way too much or way too little weight upon some factor, right? So it's not about how much consideration you gave, isn't that right? It's about how much weight you put. Am I missing—I just want to make sure I understand your argument. I was referring to the case Conitzer, and it lists four of the ways it can be substantively unreasonable. And the third way, it says if it fails to consider all relevant factors. And so I was just going off of that. Right. I mean, that means you sort of just omit a factor which sort of widely, you know, you don't put weight or not on. But anyway, go ahead with what you were going to say. And I think one of the crucial ones is the nature and circumstances of the offense. Sure. We cannot label the vacated wire account an offense because she was not convicted of it. So in our opinion, that certainly should have an impact. But she said it's relevant conduct. And she said it's relevant conduct because notwithstanding the vacater of the wire fraud conviction—and wire fraud is a pretty—the elements are pretty technical. She says this conduct would have been a felony or illegal under state law. And so it is relevant conduct that favors a longer sentence. I mean, what's wrong with that reasoning? You know, and again, I would go back to the fact that it is relevant conduct and it may have been dismissed on a technicality. But she ultimately was—25 percent of the counts and the reason that she was sent to jail is just gone. And briefly, just before my rebuttal ends, I would like to just make a quick comment on Varner. I think in that case, it can be distinguished on a procedural basis because there, the argument was that it did not go into enough detail. Our case is not arguing that there was not enough detail. There was simply no detail at all. And the record does not reveal any detail whatsoever. I see my time is up. Very well. Okay. Well, thank you for your argument. You did a very fine job. Thank you. And we sincerely appreciate your assistance for your client and the clinic's participation in our process of trying to figure out the case. Thank you very much and good luck to you. Thank you. The case will be submitted.